836 F.2d 551
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Ray THOMPSON, Defendant-Appellant.
 No. 87-5525.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1987.
 
 Before LIVELY, Chief Judge, CORNELIA G. KENNEDY, Circuit Judge, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant was convicted of conspiracy to introduce narcotic drugs into the Federal Correctional Institution at Memphis, distribution of heroin and cocaine, and using the mails to facilitate a drug offense. He appeals, contending that the evidence was insufficient to convict and that the District Court should have required the government to state its reasons for peremptorily challenging four blacks on the petit jury. Finding no merit in either contention, we AFFIRM.
 
 
 2
 While it is clear that there was a conspiracy to bring drugs into the correctional facility, defendant asserts that there was insufficient evidence to prove that he was the member of the conspiracy called Carlos. It is true that one of the government's witnesses testified that Carlos was not the defendant but was someone else. However, the evidence would also permit the jury to find that the defendant was Carlos.
 
 
 3
 During jury selection, the government exercised six peremptory challenges. Four of the persons peremptorily challenged were black, as is the defendant. The jury ultimately empaneled was composed of five black jurors and seven white jurors.
 
 
 4
 In Batson v. Kentucky, 476 U.S. ---, 106 S.Ct. 1712 (1986), the Court held that once a defendant puts forth a prima facie case of discrimination in the use of peremptory challenges, the prosecutor should be required to give some reason or explanation for the challenges.
 
 
 5
 To establish such a case, the defendant first must show that he is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits "those to discriminate who are of a mind to discriminate." Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race.
 
 
 6
 Id. 106 S.Ct. at 1723 [citations omitted]. Here the government concedes, as it must, that defendant is a member of a cognizable racial group, black, and that the juror or jurors removed were of the same race, and that defendant can rely on the premise that peremptory challenges are a jury selection practice that permits discrimination. The government argues that defendant has failed to show that "these facts and any other relevant circumstances raised an inference that the prosecutor used that practice [peremptory challenges] to exclude the veniremen from the petit jury on account of their race." Id. The government argues that the relevant circumstances here, especially the fact that five black jurors remained in the jury, permitted the District Court to find, as it did, that the circumstances did not raise an inference that the prosecutor used the challenges to exclude the challenged jurors because of their race.
 
 
 7
 In Batson the Supreme Court observed, "we have confidence that trial judges, experienced in supervising voir dire, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a prima facie case of discrimination against black jurors." Id. We cannot say that Judge Odell Horton, the experienced trial judge in this case, erred in concluding that a prima facie case had not been established under the circumstances here. We note that there were objective reasons to excuse at least some of the challenged jurors.
 
 
 8
 Finally, defendant claims that an earlier panel of the Court erred when it reversed the District Judge's order that defendant remain on bond pending appeal. One panel of this Court may not overrule another panel's decision. We therefore decline to rule on this issue.
 
 
 9
 The judgment of the District Court is AFFIRMED.